[894 NYS2d 886]

In the Matter of JOHN D. LEWIS (Admitted as JOHN DAVIS LEWIS), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 2, 2010

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

*John D. Lewis*, Brooklyn, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The respondent avers that he is resigning freely and voluntarily, with a full awareness of the implications of submitting a resignation, including being barred by Judiciary Law § 90 from seeking reinstatement for at least seven years. He is aware that he is the subject of a disciplinary proceeding commenced by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) based upon his conviction of a serious crime, as defined by Judiciary Law § 90 (4) (d).

On October 21, 2008, the respondent pleaded guilty in the Supreme Court, Queens County, to one count of criminal facilitation in the fourth degree, a class A misdemeanor. He was sentenced on or about December 3, 2008, to a conditional discharge, with no surcharge, in light of the fact that he paid restitution in the sum of $100,000. The respondent acknowledges that the Grievance Committee has served upon him a notice of petition and petition, dated May 27, 2009, containing one charge of professional misconduct predicated upon his conviction of a serious crime. The respondent attests to his inability to successfully defend himself on the merits against this charge.

The respondent's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing him to make restitution and to reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order and is aware that any order issued pursuant to this statute could be entered as a civil judgment against him. The respondent specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation.

Inasmuch as the respondent's resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The disciplinary proceeding previously authorized by this Court is discontinued in view of the respondent's resignation.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and COVELLO, JJ., concur.

Ordered that the resignation of John D. Lewis, admitted as John Davis Lewis, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, John D. Lewis, admitted as John Davis Lewis, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that John D. Lewis, admitted as John Davis Lewis, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, John D. Lewis, admitted as John Davis Lewis, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if John D. Lewis, admitted as John Davis Lewis, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on application of this Court dated May 12, 2009 is discontinued.